ALVIN CANTON and M. JUANCITO SHACKLETON, Plaintiffs

v.

HENRITA TODMAN, Supervisor of Elections, Defendant

Civil No. 267-1966

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 1, 1966

*See, also, 259 F.Supp. 22*

RONALD H. TONKIN, ESQ. (YOUNG, ISHERWOOD and MARSH), Christiansted, St. Croix, Virgin Islands; MARVIN M. KARPATKIN, ESQ. (KARPATKIN, OBRENSTEIN and KARPATKIN), New York, New York, *for plaintiffs*

EVERETT B. BIRCH, ESQ. (BIRCH, MADURO & DEJONGH), St. Thomas, Virgin Islands; ALFRED L. SCANLAN, ESQ. (SHEA and GARDNER), Washington, D.C., *for defendant*

GORDON, *District Judge*

Plaintiffs have brought this action to require the defendant to accept their nomination papers of the Republican Party for the 1966 Virgin Islands elections without the loyalty oath referred to in § 11(b) of Act No. 1815 (September 1, 1966) or, in the alternative, to declare § 11 of Act No. 1815 (September 1, 1966) to be invalid.

This Court on September 12, 1966, issued a temporary restraining order, ordering in substance that the defendant be restrained and prohibited from requiring the plaintiffs to take the oath provided in Act No. 1815, § 11(b) from accepting said oaths from any other candidates for the general election of November 1966 and from administering § 11, Act 1815, until the Court rendered its declaratory judgment herein.

On September 13, 1966, the defendant appeared and requested an extension of time on the restraining order hearing until September 19, 1966, to enable her to obtain counsel. Said request was granted. The restraining order hearing and the hearing on the preliminary injunction were held on September 19 and 20, 1966. Counsel for both parties at that time discussed and understood that the order with respect to said hearings would be issued on or before October 2, 1966, pursuant to the Federal Rules of Civil Procedure 65; and further stipulated that Act No. 1819 would be governed by the decision; and further stipulated that the defendant would accept the plaintiff's peti-

tions subject to the objection that the oath in issue was not filed. Said temporary restraining hearing and a hearing upon the preliminary injunction came on before this Court on September 19th and 20th, 1966. Plaintiffs appeared in person and by Attorneys Ronald Tonkin and Marvin Karpatkin of counsel; defendant appeared in person and by Attorneys Everett Birch and Alfred Scanlan of counsel. Testimony was taken and counsel were heard.

The issues presented were as follows:

1. Does § 11(b) of Act No. 1815 (September 1, 1966) in substance provide that the defendant may refuse to accept plaintiffs' petitions for nomination for public office if the plaintiffs have not, in addition, filed the oath prescribed in Act 1815, § 11(b) on or before September 12, 1966?

2. Is § 11 of Act No. 1815 (September 1, 1966) amending 18 V.I.C. § 344, invalid per se for one or both of the following reasons: (a) It violates the provisions of the Revised Organic Act; (b) It denies to the plaintiffs their constitutional rights?

## I

With respect to the first issue above, § 11(b) and the pertinent portions of § 11(c) of Act No. 1815 (September 1, 1966) amending 18 V.I.C. § 344 provides as follows:

"(b) In addition to other requirements of the law, every person who files for nomination for public office at the primary election of 1966, pursuant to subsection (b) or (c) of section 344, Title 18, V.I.C., as amended shall submit to the office of the Supervisor of Elections or her deputy not later than September 12, 1966, and not later than the ordinary closing hour of the office of the Supervisor of Elections or her deputy on that date, a signed oath of allegiance to the political party in whose primary election he wishes to be a candidate, in the following form:

" 'I,............, do solemnly pledge that I will espouse and pursue the principles and policies of the ............... Party of the Virgin Islands and that I will support every candidate of the ...............

413

Party who is nominated for public office at the 1966 primary election and I will not support any candidate or any other political party or body or any independent candidate for public office at the 1966 general election.'

"(c) No person who refuses or fails to submit the oath required by subsection (b) of this section shall have his name printed on the 1966 primary ballot of a political party for which he files a nomination petition. . . ."

Title 18 V.I.C. § 344 specifically sets forth the requirements for filing nomination petitions for the primary elections. Prior to its amendment by Act 1815 § 11 in issue, § 344(a) provided that:

"The *name* of *no candidate* shall be *placed upon* the *official ballot* of a political party *to be used at a primary unless* a *petition in accordance with* the *provisions* of *this section* shall have been filed in his behalf. . . ." (Italics provided.)

Section 11 of Act No. 1815 (September 1, 1966) added an additional requirement for those persons filing for nomination for public office at the 1966 primary elections. That additional requirement was that the person filing, in addition to the other requirements of the law, shall submit the oath set forth in subparagraph (b) to the Supervisor of Elections no later than September 12, 1966. Subsection (c) of § 11 also amended § 344 and was also enacted by Bill No. 3060. Subsection (c) of § 11 provides in part and in brief that if a person does not comply with the filing as prescribed, then his name shall not appear on the 1966 primary ballot of the party for which he filed nomination.

██ ██ The Legislature has clearly set forth the additional filing requirement *and the penalty* for failing to comply. Section 344 as amended does not prescribe that the Supervisor of Elections shall refuse to accept a petition without the oath. (In fact, it provides for acceptance and that the oath may be filed later.) Neither does it prescribe that the Supervisor of Elections shall receive the peti-

tions conditioned upon receipt of the oath and refuse to accept the filing of the petitions if the oath is not received.

 In fact, it appears from § 344, before it was amended, that the Legislature intended as its only penalty for noncompliance with § 344 provisions was not to allow the petitioner's name to appear on the primary ballot. Act 1815 amending § 344 does not show a change of intention for it, too, provides only one penalty for failure to file the oath; that is, that the petitioner's name shall not appear on the primary ballot.

Section (a) of Act 1815 (passed in conjunction with §§ 11(b) and 11(c)) setting forth Legislative purpose in passing the amendment, says in part:

". . . One of the means adopted was to grant by statute the power to political party conventions and committees to require an oath of loyalty and support of all those who wish to *participate in the party's primaries as voter or candidate*. Fiat, *American Parties and Elections* 378 (1952) 'The requirement of a pledge from the candidate *participating in a primary* to support the nominee is not unusual . . .' Ray v. Blair, 343 U.S. 214, 221." (Italics supplied.)

Here again, the Legislative intent appears to be control over the participation, not the filing itself.

". . . It is a familiar rule of statutory construction that statutes should be construed so as to give force and effect to each and every part and provision thereof, and that a harmonious construction should be adopted. . . ." Swindel v. State Election Board, et al. (1934), 32 P.2d 691.

 The decision of this Court is that 18 V.I.C. § 344, as amended by Act 1815 (September 1, 1966), requires the defendant to accept and retain as validly filed the plaintiffs' nomination petitions, regardless of the fact that the oath as set forth in § 11(b) was not filed by plaintiffs on or before September 12, 1966 and this Court so determines and so orders.

 The uncontested evidence at the hearing on September 19 and 20 has satisfied this Court that the number of

candidates of the Republican Party who filed nomination petitions for nomination by the Republican Party for the elections involved herein, exactly equalled the number of persons which the Republican Party could nominate therefor. Title 18 V.I.C. § 359 provides that in the above circumstances, there shall be no party primary with respect to such nominations and in such a case the Supervisor of Elections *shall* declare the candidates who filed the petitions to be nominated for election to such office.

The Supervisor of Elections is therefor further ordered to declare that there shall be no party primary held with respect to the Republican Party nominations and she is further ordered to declare the candidates of said Republican Party who filed the petitions in evidence therein, to be nominated for election to such office.

## II

■ With respect to the second issue above, the plaintiffs being enabled hereby to have their names appear on the general election ballot as Republican candidates without having to file the oath referred to in § 11(b), the issue of the validity of Act 1815 is moot as to the plaintiffs. Since the personal rights which plaintiffs allege were interfered with or impaired are by this decision no longer interfered with or impaired, they are not authorized to attack the constitutionality or the validity of Act 1815. The State ex rel. Newell, Jr. v. Brown, Secy. of State et al. (1954), 162 Ohio 147, 122 N.E.2d 105.

". . . The constitutionality of a statute is to be considered in the light of the standing of a party who seeks to raise the question and of its particular application and a person may challenge the constitutionality of a statute only when and as far as it is being or about to be applied to his disadvantage. . . ." 16 C.J.S. § 76 and cases cited therein.

". . . The principle that necessity of determination is a condition to judicial consideration of constitutional questions also finds

application in the rule that such questions will not be passed on where the issues involved in the particular case are such that the case may be decided on another ground, even though the constitutional issue has been properly presented. . . ." 16 C.J.S. § 94 (p. 317); Dist. of Columbia v. Little, 339 U.S. 1, 94 L.Ed. 599; Neese v. Southern Railway Co. 350 U.S. 77, 100 L.Ed. 60.

The United States Supreme Court said in Neese v. Southern Railway, supra, ". . . We follow the traditional practice of this Court of refusing to decide constitutional questions where the record discloses other grounds of decision. . . ." The United States Supreme Court refers therein to two of its previous decisions, to wit: Peters v. Hobby, 349 U.S. 331, 338, and Alma Motor Co. v. Timken-Detroit Axle Co., 329 U.S. 129, 133, 136, 142.

■ This Court will adhere to the above judicial principle that where a case is determinable upon other grounds, the Court will not determine said case upon issues of the validity of the statute involved.

Leave is hereby granted to all parties herein to reopen this case upon the issue of the validity of the statute per se, upon a showing to this Court of standing.

